**\*\*E-filed 2/4/11\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

JAN M. SCHIEBERL,

    Plaintiff,

v.

UNITED STATES,

    Defendant.

_____/

No. C 11-80003 MISC RS

**ORDER DENYING PETITION TO QUASH**

Jan M. Schieberl, appearing *in pro se*, moves to quash summons issued by the Internal Revenue Service to Bank of America and City National Bank seeking records pertaining to any accounts he may hold at those institutions. Pursuant to Civil Local Rule 7-1(b), this matter is suitable for disposition without oral argument, and the hearing set for February 10, 2011, is hereby vacated.

Describing himself as "unschooled in the law," Schieberl requests that the Court look to the substance of his pleadings rather than the form. The Court has done so, carefully examining whether there is any basis for the relief Schieberl seeks.[1] Schieberl's sole ground for objecting to the summons is his contention that 26 U.S.C.§ 7602, under which they were issued, is "interpretative" rather than "substantive," and that it therefore lacks force of law, legal effect, and

---

[1] For this reason, the merits of Schieberl's petition have been considered, notwithstanding the government's objection that it was not properly served, which would serve as an independent basis to deny relief.

does not create any legal duties that apply to him.  Schieberl has failed to appreciate the difference between a *regulation* promulgated by an administrative agency, and a *statute*, enacted by Congress and signed into law by the President.  The case authority Schieberl cites relates to administrative regulations, which indeed can be either "interpretive" or "substantive."  While Schieberl is correct that substantive regulations can only be properly adopted in compliance with the Administrative Procedures Act and with appropriate notice published in the Federal Register, those procedural requirements do not govern the enactment of statutes by Congress.

26 U.S.C. § 7602 has the "force of law" because it *is* a law, duly enacted by Congress.  The distinction between "interpretative" and "substantive" regulations on which Schieberl is attempting to rely simply is not applicable.  The statute expressly authorizes the IRS to issue summons such as those Schieberl is challenging, and he has not argued that they are defective or improper for any other reason.

To the extent Schieberl may also be arguing that an agency may never act directly under the authority of a statute without first promulgating associated regulations, he is mistaken.  While Congress sometimes enacts statutes that call for an agency to develop implementing regulations, 26 U.S.C. § 7602 includes no provisions that would require the IRS to adopt any regulations before exercising the power granted by the statute to issue summons.  Accordingly, the petition to quash is denied.  The Clerk shall close the file.

IT IS SO ORDERED.

Dated: 2/4/11

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

**THIS IS TO CERTIFY THAT A HARD COPY OF THIS ORDER WAS MAILED TO:**

Jan Schieberl
7172 Regional Street
Suite 440
Dublin, CA 94568

DATED:    2/7/11

/s/ Chambers Staff
Chambers of Judge Richard Seeborg

**United States District Court**
For the Northern District of California